**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

JEFFREY WILLIAMS                *

Plaintiff                     *

v                            *       Civil Action No. PJM-11-2716

P.A. FRANCES, et al.          *

Defendants           *
                         ***

<u>**MEMORANDUM OPINION**</u>

      Pending is a Motion to Dismiss or for Summary Judgment filed on behalf of Defendants Bird, Gass, Green, Harmon, Landon and McCoy.  ECF No. 10.  Plaintiff was advised of his right to file a Response in Opposition and of the consequences of failing to do so, but has filed nothing further in the case.  ECF No. 11.  Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011).

**Background**

      Plaintiff Jeffrey Williams ("Williams") alleges on August 11, 2011, he received an infraction for attempting to receive a piece of cake in the dining hall.[1]  He claims he exchanged words with Officer McCoy after the "chow line" was over and saw McCoy speaking to Sgt. Harmon while he was waiting for his table to be called to leave the dining hall.  Once Williams's table was called to leave, he was met by Harmon at the exit, was told by her that she had "something for [his] bad ass," and was instructed him to wait until the dining hall cleared out.  Williams began to fear for his life when Harmon gave him a direct order to turn around and told McCoy to handcuff him and escort him to housing unit 5.  Williams states he was taken where no one could see him being assaulted and, during the escort, McCoy choked him.  Once they

---

[1] Williams also raises a claim against Physician's Assistant Frances.  No dispositive pleading has been  filed on behalf of Frances.  *See* ECF No. 14.

arrived at housing unit 5, Williams claims he was pushed to the floor and kicked by Harmon. When Williams asked to go to the medical unit he was denied and was forced to sit in the cell for two hours before receiving a "false ticket" charging him with disobeying three direct orders. Williams asserts that the ticket is patently false because it reads, "as Officer McCoy approached inmate Williams inmate McCoy jumps up in Officer McCoy's face."  He states the only reason the ticket was issued was to keep Williams on segregation after he was assaulted.  ECF No. 1 at p. 4.  As relief he seeks an emergency transfer to another prison.

Defendants allege that on August 11, 2011, Sgt. Harmon, whose assigned station was the North Dining Hall, observed Williams approaching the serving line, and stopping in order "to talk to the inmates behind the serving line."  ECF No. 10 at Ex. 1.  Harmon gave Williams a direct order to move along, but he continued to talk.  *Id.*  When Harmon repeated her order to Williams to move along, he replied "fuck you" and waved her off with his hand.  *Id.*

After Williams sat down, McCoy observed him trying to pass food to another table, and ordered him not to pass food.   *Id.* at Ex 2.  Williams asked McCoy if he could pass cake to another table, and the officer replied that he could not.  *Id.*  Williams responded by saying "fuck that, I'll ask someone else" and attempted to ask Officer Hambrick if he could pass the cake. McCoy intervened and again told Williams that he could not. *Id.*  When the meal period was ending, McCoy asked Hambrick to pat search Williams and have him sit off to the side.  *Id.*

After permitting 112 inmates to leave the dining hall, McCoy approached Williams, who was seated in the rear of the room, and asked to see his ID card.  *Id.*  Williams stood up and said "it's right here." *Id.*  McCoy described Williams's demeanor as belligerent and disrespectful. Harmon ordered McCoy to hand cuff Williams and escort him to Housing Unit 5.  *Id.* at Ex. 1.

McCoy and Officer Wheatley escorted Plaintiff.  *Id*. at Ex 2. Initially, Williams refused to cooperate by refusing direct orders to walk, but he eventually complied.  *Id.*

Williams was charged with disobeying a direct and lawful order in violation of Rules 312 and 400, and found guilty during an August 24, 2011 hearing.  *Id*. at Ex 3, p.3.  Defendants assert that Williams never filed a Request for Administrative Remedy (ARP) alleging that he was assaulted by an officer on August 11, 2011, nor did he seek medical treatment for injuries related to an assault.  *Id*. at Ex. 4 and 5.  Although Williams filed numerous ARPs regarding harassment by correctional officers, he withdrew the ARP filed against Sergeant Bird in which he alleged that he was threatened with lockup while attempting to get another sergeant to sign off on an ARP. *Id.* at Ex. 4, pp.1-2. Williams also withdrew an ARP filed against Harmon in which he alleged that he was threatened and subjected to constant dining hall searches in retaliation for filing an ARP against Sgt. Bird. *Id*. at pp.10-11.

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts

showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).   The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).   The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."   *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

The PLRA provides, in pertinent part:

> (a) Applicability of administrative remedies:
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

As a prisoner, Williams is subject to the strict requirements of the exhaustion provisions. It is of no consequence that he is aggrieved by a single occurrence, as opposed to a general conditions of confinement claim.   *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct).   Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure.   *See Booth v. Churner*, 532 U.S. 731, 741 (2001).   A claim which has not been exhausted may not be considered by this Court.   *See Jones v. Bock*, 549 U.S. 199, 220 (2007).

Thus, Williams's claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D.Md.2003).    The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D.Md.1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735, (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir.2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

Defendants allege that Williams did not exhaust administrative remedies with respect to his claims against the correctional officers.   Williams fails to refute that assertion.   Accordingly, Defendants Bird, Gass, Green, Harmon, Landon and McCoy are entitled to summary judgment in their favor.   The remaining claim against Defendant Frances shall proceed as set forth in the separate Order which follows.

_____

/s/

PETER J. MESSITTE

February 22, 2012                                    UNITED STATES DISTRICT JUDGE