IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFREY WILLIAMS | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PJM-11-2716 |
| P.A. FRANCES, et al. | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM OPINION

Pending is a Motion to Dismiss or for Summary Judgment filed on behalf of Defendant Frances Morthole, CRNP.[1] ECF No. 18. Plaintiff was advised of his right to file a Response in Opposition and of the consequences of failing to do so, but has filed nothing further in the case. ECF No. 19. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011).

**Background**

By Memorandum Opinion and Order dated February 24, 2012, this Court granted summary judgment in favor of Defendants Bird, Grass, Green, Harmon, Landon and McCoy. ECF No. 16 and 17. The remaining claim concerns only allegations against Defendant Morthole.

Plaintiff Jeffrey Williams ("Williams") alleges on October 5, 2010, he was treated for an ear infection which he claims was caused "buy the chemical in the recycled water the institution uses" going into his ear canal. ECF No. 1 at p. 3. He states he used toilet paper once when showering to prevent the "harmful particles in the water" from entering his ear. Williams asserts that Defendant Morthole was supposed to flush his ear out with peroxide and warm water, but instead stuck an object into his ear the size of a knitting needle. Williams says Morthole hit a

---

[1] The Complaint incorrectly identifies Defendant as "P.A. Frances." For purposes of this Memorandum Opinion, Defendant shall be referred to by her correct name. The docket clerk will be directed to correct the docket to reflect her actual name.

nerve, causing him to jump. Instead of pulling the object out of Williams's ear, he claims Morthole pushed it into his ear, causing it to bleed badly. Williams states this is when his chronic ear trouble started; and was not caused by using toilet paper in his ears. Williams states the incident occurred at 9:15 a.m., in the medical unit of Eastern Correctional Institution (ECI). Williams claims two nurses, R.N. Peper and Nurse Sherell, were present and held him down while Morthole performed the act on his left ear. He further claims that Morthole no longer works at ECI and, rather than sending him to an outside specialist, other physician's assistants are attempting to treat his ear, but are making it worse. He claims he has continued infections in his left ear and has suffered hearing loss as a result.

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all

inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) *citing Wilson v. Seiter*, 501 U.S. 294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Defendant Morthole alleges, and Williams fails to refute, that he did not have an objectively serious medical condition requiring medical attention. ECF No. 18 at Affidavit; and Ex. 17b. When Williams's ear was examined by Morthole on September 15, 2010, in response to his complaints of pain in both ears, no signs of infection were noted. *Id*. at ¶¶ 5 – 7. On

September 30, 2010, Williams submitted a sick call request, asking to see a nurse for "for toilet paper in left infected ear canal" which he stated needed to be "flushed out" because it was causing serious pain and discomfort. *Id*. at Ex. 19e. Williams was seen by Morthole on October 5, 2010, for a follow-up visit. His ear was examined with an otoscope, which revealed no signs of infection or hearing loss. *Id*. at Affidavit, p. 3. Thus, no serious medical condition existed.

Morthole further asserts that the "chronic condition" of Williams's ears is simply a pattern of behavior exhibited by Williams. *Id*. at p. 4. She states Williams puts objects into his ears continually despite being advised against it by medical staff on a repeated basis. *Id*. Williams was provided with a prescription medication, Debrox, on December 5, 2010, to provide a safe, non-irritating way to remove substances from the ear without the use of foreign objects. *Id*., *see also* Ex. 16d. Despite being provided with the prescription, records indicate that Williams continues to insert paper and other foreign objects into his ears and has informed staff that he cannot keep himself from doing so. *Id*., *see also* Ex. 6.

The undisputed facts establish that Defendant is entitled to summary judgment in her favor as there was no serious medical conditions for which she refused to provide need medical care. The records attached to Defendant's motion establish that Williams is seen each time he complains of ear discomfort and that his discomfort is caused by his own self-injurious behavior. Accordingly, by separate Order which follows, Defendant's Motion to Dismiss or for Summary Judgment, construed as a Motion for Summary Judgment, shall be granted.

|  | /s/ |
|---|---|
|  | PETER J. MESSITTE |
| May 2, 2012 | UNITED STATES DISTRICT JUDGE |